# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-00017-FDW

| | |
|---|---|
| TIMOTHY EVERETT, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> ACTING COMMISIONER OF SOCIAL ) <br> SECURITY, ) <br> ) <br> Defendants. ) <br> ) | ORDER |

**THIS MATTER** is before the Court on Plaintiff Timothy Everett's ("Plaintiff's") Motion for Summary Judgment, (Doc. No. 11), and Defendant Acting Commissioner of Social Security Carolyn W. Colvin's Motion for Summary Judgment. (Doc. No. 13). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, for the reasons set forth below, Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary judgment is GRANTED, and the Administrative Law Judge's ("ALJ's") decision is AFFIRMED.

## I. PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability and disability insurance benefits on August 25, 2009, for an alleged disability beginning on August 21, 2009. (Tr. at 20). Plaintiff's application was denied both initially and upon reconsideration. (Tr. 94-95). An ALJ held a hearing, attended by both Plaintiff and his counsel, on January 21, 2011, and determined that

Plaintiff was not disabled within the meaning of the Act on March 28, 2011. (Tr. 65-105). Plaintiff filed a timely request for review of the ALJ's decision, which the Appeals Council remanded back to the ALJ for further review. (Tr. 110-114). Plaintiff and his counsel appeared at the second hearing on April 24, 2013, before the ALJ. (Tr. 38-64). The ALJ again ruled Plaintiff was not disabled under the Act on June 13, 2013. (Tr. 20-31). The Appeals Council denied Plaintiff's request for review on November 19, 2013, thereby rendering the ALJ's September 21, 2012 decision final. (Tr. 1-6). Plaintiff filed this civil action seeking a review of the Commissioner's final decision. (Doc. No. 1).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of a final decision of the Commissioner to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, this Court "'must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard.'" Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (quoting Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001)). This Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" as such:

> Substantial evidence has been defined as being more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that a reviewing court does not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the Commissioner's final decision. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). In reviewing for substantial evidence, a court may not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Commissioner. Craig, 76 F.3d at 589. The ALJ, and not the court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. Hays, 907 F.2d at 1456.

### III. ANALYSIS

The question before the ALJ was whether Plaintiff was "disabled" under the Social Security Act between August 29, 2009, and the date of his decision.[1] Plaintiff bears the burden of proof to establish he was disabled within the meaning of the Social Security Act in order to be entitled to benefits. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[1] "Disability" is defined under the Social Security Act, 42 U.S.C. § 301, et seq., as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

Under the Social Security Act, there is a five-step sequential process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(1). Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable impairment or a combination of impairments that is severe; (3) whether the claimant's impairment or combination of impairments meets or medically equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and (5) whether the claimant is able to do any other work, considering his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(i-v).

On September 21, 2012, the ALJ found that Plaintiff was not "disabled" at any time between August 29, 2009, and the date of his decision. (Tr. at 23). Further, the ALJ determined that Plaintiff has the residual capacity to perform medium work. (Tr. at 30). Particularly, the ALJ concluded that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." Id.

On appeal, Plaintiff makes the following assignments of error: 1) that the Commissioner improperly weighed the opinion evidence, and failed to document the weight given to the treating physician; 2) that the Commissioner did not properly conduct a function-by-function analysis according to SSR 96-8p, further failing to cite to evidence supporting his decision; and 3); that the Commissioner erred in failing to consider if new and material evidence from a subsequent, favorable ruling for Plaintiff in another disability case was available. (Doc. No. 12). For the foregoing reasons, these arguments fail.

**A. Consideration of Certain Physicians' Testimony**

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ erred by not explicitly mentioning the specific weight given to the opinions of Dr. Gaston and Dr. Jackson. Further, Plaintiff contends that the ALJ's failure to specify the weight given to Dr. McCune, Plaintiff's primary care physician, is error sufficient to remand. After review of the ALJ's decision, the Court finds, for the reasons below, substantial evidence supports the ALJ's decision.

**1. The Opinion of Plaintiff's Surgeon Dr. Glenn Gaston**

Plaintiff asserts that the ALJ erred by failing to weigh and document the weight given to Plaintiff's surgeon, Dr. Glenn Gaston ("Dr. Gaston"). (Doc. No. 11). Plaintiff contends that Dr. Gaston's opinion as a treating physician requires that his opinion should be given controlling weight unless the opinion is "not consistent" with the record, and that the ALJ's failure to grant controlling weight is an error that requires remand. (Doc. No. 11).

Although the treating physician rule generally requires a court to accord *greater weight* to the opinion of a treating physician, the ALJ is not required to give *controlling weight* to the opinion of the treating physician. See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (emphasis added). The ALJ may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence. Id.

Here, the ALJ relies upon Dr. Gaston's opinions and medical findings throughout his decision. (Tr. at 25 – 29). The ALJ stated that he reviewed Dr. Gaston's findings regarding Plaintiff's injuries, going into detail regarding Plaintiff's wrist and back injury, specifically stating Plaintiff did not require surgical intervention. (Tr. at 25 – 26). The ALJ detailed the

treatment received by Dr. Gaston, and the results of the treatment, further relying on Dr. Gaston's notes throughout the rest of his decision. (Tr. at 25-29).

While the ALJ does not specify a precise weight given to Dr. Gaston, a review of the ALJ's decision shows that the ALJ afforded significant weight to Dr. Gaston. Not only did the ALJ give weight to Dr. Gaston's findings, those findings were consistent with the record as a whole. Therefore, substantial evidence shows that the ALJ gave proper weight to the findings of Dr. Gaston, as the ALJ's report discusses Dr. Gaston's findings throughout his report. The decision will not be disturbed based on these grounds.

2. **The Opinion of Dr. Celia Mae Jackson, Emergency Department Physician**

Plaintiff contends that the ALJ erred by failing to document the weight given to Dr. Celia Mae Jackson ("Dr. Jackson") from the Emergency Department. (Doc. No. 11). Specifically, Plaintiff asserts that the ALJ's failure to state the weight given to Dr. Jackson's opinion as a treating physician is cause for remand. (Doc. No. 11).

Upon reviewing the record, the Court finds that Dr. Jackson's report did not constitute a medical opinion under 20 C.F.R. §404.1527(a), and therefore is not required to be given any weight. Pursuant to 20 C.F.R. § 404.1527(a), "[m]edical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527. Further, the medical opinions must be "established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the patient's] statement of symptoms." 20 C.F.R. § 404.1508; see Mitchell v. Astrue, No. 2:11-CV-00056-MR, 2013 WL

678068, at 5 (W.D.N.C. Feb. 25, 2013) (ruling that a patient stating they have back pain, without further diagnostic proof, is insufficient for a doctor's review to be considered a medical opinion).

In this case, because Dr. Jackson failed to render a medical opinion as described by 20 C.F.R § 404.1508 and 20 C.F.R. § 404.1527, the ALJ's decision not to give any weight to her report is supported by substantial evidence. While Dr. Jackson's notes indicate that she performed a physical examination of Plaintiff, Dr. Jackson did not make any objective findings. (Tr. at 770-772). Dr. Jackson based her opinion solely on the complaints of Plaintiff, with no diagnostic testing. (Tr. at 770-772). Dr. Jackson's failure to substantiate any objective findings to confirm Plaintiff's subjective complaints prevents her review to be considered a medical opinion pursuant to the regulations outlined above. Accordingly, the ALJ need not provide the weight given to Dr. Jackson's report.

### 3. The Opinion of Plaintiff's Primary Care Physician Dr. Scott McCune

Plaintiff asserts that the ALJ erred by failing to weigh and document the weight given to Plaintiff's primary care physician, Dr. Scott McCune ("Dr. McCune"). (Doc. No. 11). Plaintiff contends that the failure of the ALJ to specifically state the weight given to Dr. McCune requires remand by the Court to the ALJ. (Doc. No. 11). This argument fails.

Substantial evidence supports the ALJ's giving less weight to Dr. McCune. The ALJ reviewed Dr. McCune's records, finding that they were against the preponderance of the evidence and assigned less weight to Dr. McCune accordingly. (Tr. at 28). The ALJ reviewed Dr. McCune's statements that Plaintiff could not perform even sedentary work and could not sit for more than two hours a day. The ALJ found that this was in opposition to the objective findings that Plaintiff has only mild degenerative disc disease in the lumbar area. (Tr. at 28-29, 833-834). The ALJ specifically references that Dr. McCune placed a lifting restriction on both

7

the dominant and non-dominant hand. (Tr. at 28). This is contrary to the findings of Dr. Gaston, and is supported by substantial evidence. (Tr. at 28). There is no evidence that supports any restrictions to Plaintiff's non-dominant, or right, hand, only the left hand. (Tr. at 28 – 29).

Plaintiff cites two cases to support its argument. (Doc. No. 11). In Miller v. Astrue, the court remanded the case after the ALJ failed to review a physician's treatment of the plaintiff. Miller v. Astrue, No. 3:09-CV-351-RJC-DCK, 2010 WL 4977063, at *4 (W.D.N.C. Nov. 10, 2010) report and recommendation adopted, No. 3:09-CV-351-RJC-DCK, 2010 WL 4975480 (W.D.N.C. Dec. 1, 2010). In Miller, the ALJ failed to make mention of specific testimony by the plaintiff's treating physician, thereby failing to document any weight given to that specific portion of the treating physician's testimony. Miller v. Astrue, No. 3:09-CV-351-RJC-DCK, 2010 WL 4977063, at *4 (W.D.N.C. Nov. 10, 2010) report and recommendation adopted, No. 3:09-CV-351-RJC-DCK, 2010 WL 4975480 (W.D.N.C. Dec. 1, 2010).

Plaintiff further cites to Dean v. Astrue, where the court remanded the case for similar reasons to Miller. Dean v. Astrue, No. 3:08-CV-563-GCM-DCK, 2010 WL 5589358, at *1 (W.D.N.C. Dec. 22, 2010) report and recommendation adopted, No. 3:08CV563, 2011 WL 159630 (W.D.N.C. Jan. 18, 2011). Similarly to Miller, the court remanded back to the ALJ because the ALJ failed to reconcile the conflicting testimony of the vocational expert with the dictionary of occupational titles, the ALJ failed to explain the weight given to two treating physicians, and finally because the ALJ appeared to confuse the plaintiff in Dean with another person in his ruling. Dean v. Astrue, No. 3:08-CV-563-GCM-DCK, 2010 WL 5589358, at *5 (W.D.N.C. Dec. 22, 2010) report and recommendation adopted, No. 3:08CV563, 2011 WL 159630 (W.D.N.C. Jan. 18, 2011).

These two cases are distinguishable, and as such, are not persuasive. In this case, the ALJ specifically mentions that he gave less weight to Dr. McCune as described above. (Tr. at 28). While no specific weight is given, the ALJ did not ignore testimony from the physician as in Miller. The ALJ reviewed Dr. McCune's testimony and records, determining that it should be given less weight. (Tr. at 28-29). Further, there are no other issues present as in Dean that would require remand. As a result, both Miller and Dean are distinguishable from the present case.

As detailed above, substantial evidence supports the ALJ's decision to give Dr. McCune less weight, and therefore the ALJ's decision will not be disturbed.

**B. The ALJ's discussion of Plaintiff's RFC**

Next, Plaintiff contends that the ALJ failed to properly conduct a function-by-function analysis of Plaintiff's RFC. (Doc. No. 11). An ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c). In making that assessment, he must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR 96–8p, available at 1996 WL 374184, at * 2. It is the claimant's burden, however, to establish his RFC by demonstrating how his impairment impacts his functioning. See 20 C.F.R. §§ 404.1512(c), 416.912(c).

Here, the ALJ's decision is supported by substantial evidence, and, as such, will not be disturbed. The ALJ assessed Plaintiff's RFC as being able to perform medium work, then reviewed all of the factors that went into the determination. (Tr. at 23-29). The ALJ reviewed all the pertinent complaints of Plaintiff and determined that Plaintiff could "perform medium work as defined in 20 CFR 404.1567(c) except that the claimant is further limited to no pushing or pulling with the dominant left upper extremity; no climbing of ropes, ladders, or scaffolds;

and frequent but not constant handling and fingering with the left hand." (Tr. at 23). In order to make this determination and the extra limitations, the ALJ, as discussed in depth above, reviewed all of the sources of medical information and weighted them accordingly. (Tr. at 23-29).

Plaintiff specifically contends that the ALJ failed to consider Plaintiff's MRI scan from December 7, 2010. (Doc. No. 11). This characterization ignores the ALJ's documentation that Plaintiff had an EMG performed in January 2011 that stated the cervical spine was not the cause of Plaintiff's pain. (Tr. at 25, 689). Further, Plaintiff asserts that the ALJ failed to review Plaintiff's complaints regarding his left wrist, as well as the instruction that he not lift anything greater than fifteen pounds with his dominant arm. (Doc. No. 11). The ALJ considered all of the information as evidenced by the restriction being placed on Plaintiff's upper left extremity. (Tr. at 23). Plaintiff's argument therefore fails.

Plaintiff also argues that the ALJ's failure to mention Plaintiff's hypertension is cause for remand. (Doc. No. 11). The ALJ's ruling is supported by substantial evidence because there is no documentation that hypertension impaired Plaintiff's functional capacity. Plaintiff's medical records indicate that he has hypertension throughout, but never that it impairs his ability to perform any task. (Tr. at 490, 556, 567, 637, 832). Because there is no support that Plaintiff's hypertension should be reflected in the ALJ's determination of Plaintiff's RFC, the ALJ's ruling is supported by substantial evidence.

Substantial evidence supports the ALJ's determination of the RFC. Further the ALJ properly reviewed all of the relevant information. As such, the ruling of the ALJ will not be disturbed.

### C. Plaintiff's Subsequent Disability Approval

Plaintiff asserts that his subsequent approval for benefits in April 2014 requires the Court to remand this case because the Appeals Council acted outside of the Social Security Administration's Hearings, Appeals, and Litigation law manual ("HALLEX") section I-5-3-17. (Doc. No. 12.) Hallex I-5-3-17 applies when an application for benefits is pending before the Administrative Council, "[e]ffective December 30, 1999, the Social Security Administration (SSA) will process subsequent disability claims at the initial (and, as applicable, reconsideration) level when a request for review of a hearing decision in a prior claim is pending at the Appeals Council." <u>I-5-3-17 Instructions for Processing Subsequent Disability Claims While A Prior Claim Is Pending Review at the Appeals Council</u>, HALLEX I-5-3-17 (S.S.A Apr. 30, 2001).

Because the Appeals Council adopted the Administrative Law Judge's ruling on November 19, 2013, and Plaintiff's subsequent application wasn't approved until April 7, 2014, the subsequent ruling did not occur while this case was pending before the ALJ. Accordingly, the subsequent ruling has no bearing on Plaintiff's case before the Court.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, (Doc. No. 13), is DENIED; Defendant's Motion for Summary Judgment, (Doc. No. 11), is GRANTED; and the Commissioner's decision is AFFIRMED. The Clerk's Office is respectfully directed to CLOSE THE CASE.

**IT IS SO ORDERED**

Signed: November 14, 2014

Frank D. Whitney
Chief United States District Judge